UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYANN LYNN JONES,<br><br>        Petitioner,<br><br>    v.<br><br>DEAN BORDERS,<br><br>        Respondent. | Case No. 1:18-cv-01606-ADA-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 25) |

Petitioner Ryann Lynn Jones ("Petitioner") initiated this action with the assistance of counsel by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Respondent filed an answer to the petition on March 29, 2019. (ECF No. 13.) Petitioner filed a reply. (ECF No. 18.) On June 24, 2020, the previously assigned Magistrate Judge issued a findings and recommendations recommending the Court deny the petition. (ECF No. 20.) Petitioner objected. (ECF No. 21.) After reviewing Petitioner's objections, the Court referred the matter back to the currently assigned Magistrate Judge to issue either an amended or supplemental findings and recommendations.[1] (ECF No. 23.)

///

---

[1] The matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

On December 14, 2022, the assigned Magistrate Judge issued an Amended Findings and Recommendations again recommending the Court deny the petition. (*See generally* ECF No. 25.) The Amended Findings and Recommendations contained notice that any objections thereto were due within fourteen days. (*Id.* at 1, 46.) Petitioner timely filed his objections on December 28, 2022. (ECF No. 26.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Amended Findings and Recommendations to be supported by the record and by proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

Petitioner presents three objections to the findings and recommendations. The Court addresses each in turn. First, Petitioner argues that the state court of appeal decision was based on an alleged unreasonable determination of the facts in light of the evidence presented. (*See* ECF No. 26 at 7-11.) Petitioner encourages the Court to focus on the discrepancies between the evidentiary record and the state appellate court's decision, not the evidentiary discrepancies presented during the trial. (ECF No. 26 at 8.) Petitioner mentions that the record does not support the appellate court's finding that Detective Arnold showed witness Bentz, one of the McDonald's-related witnesses, photographs of different males and that Bentz identified the defendant. (*Id.* at 8-9.) However, neither the findings and recommendations nor the state court of appeal decision make that representation. Both the Magistrate Judge and the state court addressed Petitioner's eyewitness identification claim, applying the *Biggers* factors to determine whether the identification procedure was impermissibly suggestive. *See Neil v. Biggers*, 409 U.S. 188 (1972); *see* ECF No. 25 at 29. As a reminder, habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of" the federal law. 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially distinguishable facts. *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). The Court finds that the state appellate court's decision does not violate clearly established federal law because both the findings and recommendations and the appellate court's

decision appropriately apply the *Biggers* factors.

Petitioner further largely reiterates the arguments made in his original petition, arguing that the findings and recommendations dismiss Petitioner's contentions as "meaningless." (ECF No. 26 at 9.) The Court disagrees. The Magistrate Judge considered the entirety of the state appellate court's decision and applied the correct standard of review for habeas relief requests. (*See* ECF No. 25.) To reiterate, there is no indication that the state court of appeal did not consider the evidence in its entirety. Rather, the court demonstrated a comprehensive review of all the evidence to arrive to the determination that Petitioner's constitutional rights have not been violated. *See People v. Jones*, No. F068996, 2017 WL 2131425, at *1-13 (Cal. Ct. App. May 17, 2017), *as modified on denial of reh'g* (June 6, 2017); (*see* ECF Nos. 13-1 at 1-40; 14-57 at 1-140; 14-58 at 1-2 (modifying initial order, but no change in judgment)).

Petitioner lists pieces of evidence that the Magistrate Judge and the state court of appeal had purportedly mischaracterized or ignored, but Petitioner fails to explain how such alleged mischaracterizations or omissions contribute to the argument that the state court's decision runs contrary to clearly established federal law. For example, Petitioner appears to argue that the length of jury deliberations indicates a possible constitutional violation, citing to *Aguilar v. Woodford*, 725 F.3d 970, 984 (9th Cir. 2013). In *Aguilar*, misidentification of the defendant was the main issue. *Id.* In contrast, here, this is not a "who did it" case. Rather, the length of jury deliberations is likely due to the amount of evidence presented over the course of a three-week trial, with testimony including but not limited to three medical experts for the prosecution, defense's medical expert, defendant's mother, brother, sister, and the defendant himself. (*See* ECF No. 25 at 40.) The amount of evidence reasonably warrants lengthier jury deliberations and does not support that the state court's decision runs contrary to clearly established federal law.

Second, Petitioner argues that the state appellate court denied him due process and unreasonably applied clearly established federal law in allowing his appeal "to be resolved arbitrarily and in material reliance on factual and legal errors." (*See* ECF No. 26 at 11-16.) Petitioner appears to argue that the Magistrate Judge applied the erroneous standard of review for petitions of habeas relief. (ECF No. 26 at 15.) Petitioner argues that his claim for habeas corpus

relief must be based on whether his appeal was fairly adjudicated, citing to his primary authority, *Evitts v. Lucy*, 469 U.S. 387 (1985). The Court disagrees. The Magistrate Judge applied the correct standard to determine Petitioner's habeas relief request and found no violation of Petitioner's due process rights. (*See* ECF No. 25 at 18-21.)

Third, Petitioner argues that the findings and recommendations ignore the state court of appeal's alleged reliance on unreasonable factual determinations and alleged unreasonable application of clearly established federal law.[2] (*See* ECF No. 26 at 16-20.) Petitioner contends that the McDonald's eyewitness identifications "would have been excluded had the trial court sustained [P]etitioner's in limine constitutional objection," citing to *Perry v. Hampshire*, 565 U.S. 228, 232 (2012), for support. However, *Perry* does not support Petitioner's assertion that there must be a "pretrial screening for reliability" of evidence. Rather, *Perry* holds that "the reliability of relevant testimony typically falls within the province of the jury to determine," and that an identification infected by improper police influence is not automatically excluded. *Id.* Here, the Court finds that the state appellate decision applied the rule that aligns with governing Supreme Court case law, which concluded that there was not a substantial likelihood of irreparable misidentifications. (*See* ECF No. 25 at 26, 28.)

Petitioner argues that the lack of a specific limiting instruction with respect to the prosecutor's statements attempting to invoke prejudice or passion supports his prosecutorial misconduct claim. (ECF No. 26 at 19.) Petitioner relies on *Zapata v. Vasquez*, 788 F.3d 1106, 1123 (9th Cir. 2015), to assert that the trial court should have instructed the jurors to disregard the prosecutor's alleged inflammatory statements. However, the instant case is distinguishable from *Zapata*. In *Zapata*, the prosecutor repeated "several despicable, inflammatory ethnic slurs," including just before the jury retired to begin deliberations. *Id.* at 1110. Here, the prosecutor made a Golden Rule argument through the introduction of victim-impact testimony, which is distinct in

---

[2] Petitioner continues to assert conclusory statements. Petitioner concludes without further explanation that a "totality of the circumstances" analysis, with respect to eyewitness identification, "is surely more rigorous," and if "done properly, [P]etitioner submits, the overly suggestive identifications must be deemed unreliable." (ECF No. 26 at 17.) Nevertheless, the Court agrees with the findings and recommendations.

nature from the *Zapata* comments.  (ECF No. 25 at 35-36.)  Even though the state appellate court did not resolve the Golden Rule argument on its merits, the Court finds that *Zapata* is inapplicable, and the prosecutor's conduct and the lack of a specific limiting instruction were not prejudicial towards Petitioner.

Lastly, the Court agrees with the Magistrate Judge's determination that there are no constitutional violations, so the cumulative error claim does not need to be addressed.

In addition, the Court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court declines to issue a certificate of appealability.

Accordingly,

1. The Amended Findings and Recommendations issued on December 14, 2022, (ECF No. 25), are ADOPTED in full;
2. The petition for writ of habeas corpus is DENIED, with prejudice;
3. The Clerk of the Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

This order terminates the action in its entirety.


IT IS SO ORDERED.

   Dated:   January 30, 2023                                                          
                                              UNITED STATES DISTRICT JUDGE